ALBERT L. MOWRY, PETITIONER FOR WRIT OF HABEAS
. CORPUS.

APRIL 10, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

*Divorce. Allowance for Support. Board of Prisoner in Jail.*

The provisions of court and practice act, section 1152, and General Laws, chapter 259, section 2, relative to the payment of board of prisoners in jail, have no application to a prisoner committed under an execution for unpaid allowance for the support of a petitioner in divorce proceedings.

DIVORCE. The facts are fully stated in *Mowry* v. *Bliss*, 28 R. I. 114. Heard on petition for writ of *habeas corpus* before Superior Court, and certified, under court and practice act, section 478, to Supreme Court.

DUBOIS, J. In the above entitled proceeding, in the Superior Court, and prior to the trial thereof on its merits, two questions of law arose which, in the opinion of said court, were of suffi-

cient importance to be certified to this court for determination, under the provisions of the court and practice act, section 478. The questions are as follows:

" *First.* Is the wife, as condition of keeping the husband in jail for not paying the allowance, by the provisions of section 1152 of the court and practice act, required to pay the husband's board?

" *Second.* In case default is made in the payment of such board is the husband entitled to a writ of *habeas corpus* to secure his discharge from jail, if the keeper refuses to discharge him in accordance with the provisions of chapter 259, section 2, of the General Laws? "

Both of these questions must be answered in the negative. The provisions of court and practice act, section 1152, and General Laws, chapter 259, section 2, do not apply to divorce cases or proceedings thereunder which are purely statutory— *Fidler* v. *Fidler*, 28 R. I. 102. We have already said concerning this petitioner, in *Mowry* v. *Bliss*, Ibid, 114, at p. 117: " The prisoner is not simply imprisoned for debt, he is imprisoned for non-compliance with the decree of the Superior Court which has exclusive original jurisdiction of the subject." As he is not simply imprisoned for debt, the provisions of the statutes relating thereto, including that relative to the payment of board, have no application. It is only necessary to repeat our own concluding remarks in *Mowry* v. *Bliss, supra:* " The sole remedy of a prisoner for release from such imprisonment, whether it originated under an execution or by process for contempt, is by prayer for modification of the decree, for sufficient cause, addressed to the court which made it." Therefore *habeas corpus* is inappropriate as a remedy in such case.

The papers in the cause, with this decision certified thereon, are hereby remanded to the Superior Court for further proceedings.

*James B. Littlefield*, for petitioner.
*John C. Quinn*, for Ethel J. Mowry.